UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID GIBSON,

                            Plaintiff,

                    -against-

JANE DOE, ORC, Downstate Correctional
Facility,

                            Defendant.

23-CV-5737 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, was incarcerated in Marcy Correctional Facility when he filed this action under 42 U.S.C. § 1983 in the United States District Court for the Northern District of New York. He alleges that, while he was incarcerated at various correctional facilities within the New York State Department of Corrections and Community Supervision ("DOCCS"), his constitutional rights were violated. By order dated June 30, 2023, Chief Judge Brenda K. Sannes, of the Northern District, severed and transferred Plaintiff's allegations to the appropriate district courts, and Plaintiff's allegations of wrongdoing by Defendant Jane Doe, ORC at Downstate Correctional Facility, were transferred to this court. *See Gibson v. Annucci*, No. 9:22-CV-1316 (N.D.N.Y. June 30, 2023). By order dated July 31, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's 10-page, handwritten, single-spaced complaint is difficult to read and decipher. It includes a recitation of facts beginning with his February 2, 2015 arrest on various criminal charges, including a charge of first-degree rape. He alleges that he pleaded guilty to attempted first degree robbery in full satisfaction of all charges, and that he was advised by his attorney that he would not have to register as a sex offender. Plaintiff was sentenced to six years' imprisonment followed by a five-year period of post-release supervision.

On July 2, 2015, Plaintiff was sent to Downstate Correctional Facility ("Downstate"), where, between July 10 and July 20, 2015, Defendant Jane Doe, ORC, visited Plaintiff and informed him that she intended to place him in a sex offender program. Because Plaintiff was not convicted of a sex crime, he was "confused." (ECF No. 2 at 2.) Defendant Doe then referred to Plaintiff's "Instant Offense Statement" as the basis for her decision, which is not what Plaintiff admitted to during his plea in court. (*Id.*) In November 2017, Plaintiff was enrolled in "S.O.C.T.P."[2] (*Id.*) He did not complete the program because he "refuse[d] to admit to a sex crime that he didn't do." (*Id.*) In October 2020, Plaintiff was transferred to Five Points Correctional Facility. He brings this action challenging Defendant's decision to place him in a sex offender treatment program at Downstate, and he seeks monetary damages.

---

[2] According to DOCCS website, S.O.C.T.P. is an acronym for the Sex Offender Counseling and Treatment Program "for convicted sex offenders and other incarcerated individuals the Department identifies as likely to benefit from sex offender counseling and treatment based upon a study of their background." *See* https://doccs.ny.gov/sex-offender-counseling-and-treatment-program-soctp[https://perma.cc/5PD2-55CJ]**.**

**DISCUSSION**

A.     **Due Process Claim**

"In a [Section] 1983 suit brought to enforce procedural due process rights, a court must

determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is

due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d

Cir. 2011) (citation omitted). The threshold question for a due process claim "'is always whether

the plaintiff has a property or liberty interest protected by the Constitution.'" *Perry v. McDonald*,

280 F.3d 159, 173 (2d Cir. 2001) (quoting *Narumanchi v. Bd. of Trs. of the Conn. State Univ.*, 850

F.2d 70, 72 (2d Cir. 1988)).

"Liberty interests may arise directly from the Due Process Clause itself or from statutes,

regulations, or policies enacted by the state." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016).

"Courts within the Second Circuit appear to be reaching a consensus that recommendations for

sex offender classification and programming do not trigger due process rights." *Allah v. Perlman*,

No. 16-CV-6596 (EAW), 2017 WL 11685254, at *3 (W.D.N.Y. Aug. 22, 2017) (collecting cases)

(quoting *Blake v. Fischer*, No. 09-CV-0266 (DNH/DRH), 2010 WL 2522198, at *10 (N.D.N.Y.

Mar. 5. 2010), *report and recommendation adopted by* 2010 WL 2521978 (N.D.N.Y. June 15,

2010)); *see also Mercer v. Sullivan*, No. 9:18-CV-1148 (MAD/ATB), 2018 WL 6787159, at *5

(N.D.N.Y. Dec. 26, 2018 (collecting cases) ("Plaintiff did not have a protected liberty interested

in being free from 'non-voluntary' sex offender treatment."); *Tinsley v. Goord*, No. 05-CV-3921

(NRB), 2006 WL 2707324, at *5 (S.D.N.Y. Sept. 20, 2006) ("[N]othing suggests that either New

York state law or prison regulations have created a liberty interest in prisoners avoiding

classification as sex offenders or participating in related treatment programs." (citing N.Y.

Correct. Law §137 "The commissioner shall establish program and classification procedures

designed to assure . . . the assignment of [each] inmate to a program that is most likely to be useful in assisting him to refrain from future violations of the law.")).

Plaintiff, while in DOCCS custody, does not have a liberty interest in being free from participating in a sex offender treatment program. Therefore, his claim against Defendant Jane Doe for requiring him to participate in a sex offender treatment program, while he was incarcerated at Downstate, fails to state a claim on which relief may be granted and is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.   Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is to enter judgment in this action.

SO ORDERED.

Dated:   May 28, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge